UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GARY APPLE,

                                            *Plaintiff*,

       -against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK,

                                            *Defendant*.

**ANSWER**

23-CV-1303

------------------------------------------------------------------------ x

        Defendant, the New York City Department of Education ("DOE"), by its attorney, Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Answer to the Complaint, dated January 19, 2023, respectfully alleges and states as follows:

        1.        Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

        2.        Denies the allegations set forth in paragraph "2" of the Complaint, and respectfully refers the Court to the authorities cited and Exhibits referenced therein for a complete and accurate statement of their provisions and contents.

        3.        Denies the allegations set forth in paragraph "3" of the Complaint, except admits, upon information and belief, that Gary Apple is the father of EA ("the student") and that the student resides in New York City.

        4.        Denies the allegations set forth in paragraph "4" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff purports to invoke the New York Supreme Court's jurisdiction as stated therein, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions, and affirmatively states that this Court sitting in the Eastern District of New York has original jurisdiction pursuant to 28 U.S.C. § 1331, in that the Complaint alleges claims which arise under the laws of the United States, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that Plaintiff seeks to lay venue as stated therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Impartial Hearing Officer ("IHO") Edgar De Leon issued a Findings of Facts and Decision ("FOFD") in Impartial Hearing ("IH") Case No. 178252, which the DOE did not appeal to the State Review Office, and that IHO Steven Forbes issued an FOFD in IH Case No. 220018, which the DOE did not appeal to the State Review Office, and respectfully refers the Court to the FOFDs referenced therein for a complete and accurate statement of their contents, and affirmatively states that the DOE has implemented the FOFDs to the extent possible.

8. Denies the allegations set forth in paragraph "8" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

9. Denies the allegations set forth in paragraph "9" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate definition of a FAPE.

10.  Denies the allegations set forth in paragraph "10" of the Complaint, and respectfully refers the Court to the regulation cited therein for a complete and accurate statement of its contents.

11.  Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

12.  Denies the allegations set forth in paragraph "12" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

13.  Denies the allegations set forth in paragraph "13" of the Complaint, and respectfully refers the Court to the underlying administrative record for a complete and accurate statement of its contents.

14.  Denies the allegations set forth in paragraph "14" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

15.  Denies the allegations set forth in paragraph "15" of the Complaint, and respectfully refers the Court to the underlying administrative record for a complete and accurate statement of its contents.

16.  Denies the allegations set forth in paragraph "16" of the Complaint, and respectfully refers the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

17.  Denies knowledge or information sufficient to form a belief concerning the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint, and denies knowledge and information sufficient to form a belief as to what the student's parents were feeling or concluded.

21. Denies knowledge or information sufficient to form a belief concerning the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that Plaintiff filed a Due Process Complaint ("DPC"), which became the basis of IH Case No. 171299, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of its contents.

23. Denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers the Court to the underlying administrative record for a complete and accurate statement of its contents.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that the parties referenced therein agreed to resolve IH Case No. 171299 in the summer of 2018.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that DOE agreed to pay $50,000 to resolve IH Case No. 171299 and that DOE sent the student's parents a check for $50,000 after they had submitted all the required documents.

26. Denies knowledge or information sufficient to form a belief concerning the allegations set forth in paragraph "26" of the Complaint, except admits that a psychoeducational evaluation of the student conducted at Lenox Hill Hospital was released in May 2018.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief concerning the allegations set forth in paragraph "28" of the Complaint, except admits that Plaintiffs filed a DPC in October 2018, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of its contents.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that an Impartial Hearing given the Case No. 178252 was held before IHO Edgar De Leon on December 21, 2018, and respectfully refers the Court to the IH Case No. 178252 hearing transcripts for a complete and accurate statement of their contents.

30. Denies the allegations set forth in paragraph "30" of the Complaint, and respectfully refers the Court to the underlying administrative record for a complete and accurate statement of its contents.

31. Denies the allegations set forth in paragraph "31" of the Complaint, and respectfully refers the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

32. Denies the allegations set forth in paragraph "32" of the Complaint, except admits that the DOE did not appeal the FOFD referenced therein to the Office of State Review.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that an IEP meeting was held between Plaintiff and CSE 10 on March 16, 2021.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except admits the DOE sent a school placement letter to Plaintiff in March 2021.

37. Denies the allegations set forth in paragraph "37" of the Complaint, except admits a DPC was submitted on Plaintiff's behalf in October 2021, and respectfully refers the Court to the DPC referenced therein for a complete and accurate statement of its contents.

38. Denies the allegations set forth in paragraph "38" of the Complaint and respectfully refers the Court to the underlying administrative record for a complete and accurate statement of its contents.

39. Denies the allegations set forth in paragraph "39" of the Complaint, and respectfully refers the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

40. Denies the allegations set forth in paragraph "40" of the Complaint, and respectfully refers the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

41. Denies the allegations set forth in paragraph "41" of the Complaint, except admits that the DOE did not appeal the FOFD referenced therein to the Office of State Review.

42. Denies the allegations set forth in paragraph "42" of the Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

43. Denies the allegations set forth in paragraph "43" of the Complaint, except admits that the DOE did not appeal either FOFD referenced therein to the Office of State Review.

44. Denies the allegations set forth in paragraph "44" of the Complaint, and respectfully refers the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

45. Denies the allegations set forth in paragraph "45" of the Complaint, and respectfully refers the Court to the FOFD referenced and authorities cited therein for a complete and accurate statement of their contents.

46. Denies the allegations set forth in paragraph "46" of the Complaint, and respectfully refers the Court to the Order referenced and authorities cited therein for a complete and accurate statement of their contents.

47. Denies knowledge or information sufficient to form a belief concerning the allegations set forth in paragraph "47" of the Complaint, except denies that the advocate reached out repeatedly to the Defendant for payment.

48. Denies the allegations set forth in paragraph "48" of the Complaint, and respectfully refers the Court to the Exhibit referenced therein for a complete and accurate statement of its contents.

49. Denies the allegations set forth in paragraph "49" of the Complaint, except admits Plaintiff filed a notice of claim in October 2022, and affirmatively states that the DOE paid tuition, pursuant to the FOFD in IH Case No. 178252, for the 2018-2019 school year on February 10, 2023, and affirmatively states any alleged delays in payment, pursuant to the FOFD in IH Case No. 220018, are the result of the failure of the school attended by student, the Robert Louis Stevenson School, to provide the documents requested by DOE.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

**AS AND FOR A FIRST DEFENSE:**

52. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

53. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States, of the State of New York, or of any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD DEFENSE:

54. At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably, properly, lawfully, without malice, and in good faith.

### AS AND FOR A FOURTH DEFENSE:

55. Plaintiff has failed to demonstrate his entitlement to the requested relief.

### AS AND FOR A FIFTH DEFENSE:

56. Plaintiff's claims are moot in part.

### AS AND FOR A SIXTH DEFENSE:

57. Any alleged delay in payment is due, in whole or in part, to the failure of the Robert Louis Stevenson School to submit the required documentation to DOE, as requested.

### AS AND FOR A SEVENTH DEFENSE:

58. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   February 24, 2023
         New York, New York

**SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007
t: (212) 356-2083

   /s/
_____
Marilyn Richter
Assistant Corporation Counsel