

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

The City of New York
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

Marilyn Richter
Assistant Corporation Counsel
Phone: (212) 356-2083
Email: mrichter@law.nyc.gov

April 6, 2023

**BY ECF**

Honorable Brain M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Apple v. The Department of Education of New York City*
         1:23-cv-01303 (BMC)

Dear Judge Cogan:

  I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendant the Department of Education of New York City ("DOE" or "Defendant") in the above-referenced matter. I write on behalf of both sides to provide a status update.

  By way of background, Plaintiff brought this action under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400, *et seq* to recover tuition fees awarded in two outstanding IH Orders[1] (IH Case No. 178252 and IH Case No. 220018). The awards covered tuition for attendance at Robert Louis Stevenson school ("RLS") for Gary Apple's daughter's ("the student"). IH Case No. 178252 awarded tuition for the 2018 summer session and the 2018-2019 academic school year in the total amount of $76,450. IH Case No. 220018 awarded tuition for the 2020-2021 and 2021-2022 school years at RLS in the total amount of $166,870. Per your Honor's direction at our March 23, 2023 Initial Status Conference, the parties and their attorneys have been working diligently to resolve this matter as quickly as possible. We have made substantial progress to fully resolve the issues and do not anticipate a need for further briefing or judicial intervention.

**IH Case No. 178252**

---

[1] IH Orders are the decisions issued in the underlying administrative proceedings against the DOE. In this case, Plaintiff brought two administrative proceedings against the DOE for payment of the student's private school tuition. He prevailed in both administrative proceedings and the DOE did not appeal either decision. In this federal action, brought under the IDEA, Plaintiff seeks to enforce these IH Orders.

On or about February 14, 2023, the DOE issued a check directly to RLS for $76,450. This was the amount DOE was ordered to pay in IH Order 178252.[2] Because RLS had already been paid this amount for the student's tuition for the summer 2018 session and the 2018-2019 academic school year, all parties, including RLS,[3] understand the money needs to be transferred to the correct recipient.

Bonnie Lee Apple, the mother of the student, has been sadly incapacitated and is legally incompetent for the last several years and a guardian has been appointed to represent her interests. Ms. Apple's guardian up until the spring of 2022 was Project Guardianship, formerly known as the Vera Institute of Justice. Based on affidavits provided by RLS and checks provided by Project Guardianship, all parties agree that Project Guardianship paid the $76,450 to RLS for the student's tuition for the 2018 summer session and the 2018-2019 academic school year. On or about April 2022, Ms. Apple's guardian changed to the Walker Firm, which is her current guardian and manages her financial accounts, including the account from which the $76,450 tuition was withdrawn.

On March 31, 2023, attorneys for the DOE, Plaintiff, his Counsel, and the Parent Advocate that assisted Plaintiff in the underlying administrative proceedings, and representatives from the Walker Firm and Project Guardianship met on Zoom to decide where the $76,450 award should be transferred. The parties came to a verbal agreement that Ms. Apple's current guardian, the Walker Firm, would be paid the $76,450 by RLS, as the successor guardian. Following this, Mr. Apple would be able to request reimbursement from the guardianship for expenses he incurred in bringing the underlying administrative action that resulted in the decision in IH Case No. 178252.

While the parties have confidence in their verbal understanding, written settlement papers formalizing this agreement and covering both this payment and the payment in the second IH Case are being drafted by Defendant. We are also awaiting direction from the successor guardian as to the precise designation of the payee on the check.

**IH Case No. 220018**

The underlying administrative action IH Case No. 220018 awarded $166,870 for the student's 2020-2021 and 2021-2022 RLS tuition. Plaintiff's counsel and the DOE have worked diligently to gather proof of payment necessary to process this payment. To that effect, Mr. Apple has provided cancelled checks and a bank statement that evidence he paid the student's 2020-2021 and 2021-2022 school years tuition. The DOE and its attorneys have also worked closely with the DOE's Implementation Unit ("IU") to expedite the process of issuing payment to Mr. Apple per your Honor's direction. As discussed above, Defendant is preparing settlement papers concerning the tuition payment claims. Once those are fully executed by Plaintiff and his counsel, which we anticipate will occur next week, Defendant anticipates that then we will be able to provide the

---

[2] "[U]pon reasonably satisfactory proof of services having been rendered, the DOE shall either reimburse the Parent or directly pay the cost of the student's tuition at the private school … totaling: $76,450[.]" IH Order 178525.

[3] DOE attorneys have been in continual communication with the CFO of RLS. He understands that the $76,450 from the DOE constitutes a duplicate payment of the student's tuition and is willing and able to transfer the funds to the correct recipient. RLS is awaiting further instruction from the parties.

payment to Mr. Apple next week as well. I understand that there will be four checks totaling $166,670[4] payable to Mr. Apple.

**Attorney's Fees**

The DOE is working diligently to process Plaintiff's Counsel's fees and expenses and anticipate meeting the Court's April 20, 2023 deadline. (*See* ECF No. 9). While the parties anticipate that there will be negotiations concerning the amount, the parties are hopeful that these conversations will be productive and that this matter can be resolved quickly.

I reiterate that all parties are working diligently to expediently resolve the entirety of this matter. We do not anticipate a need for briefing or further judicial intervention. Due to third party involvement, such as RLS and the Walker firm, this matter involves a level of coordination that makes it a somewhat unique IDEA implementation case. However, the parties are confident they will reach a timely settlement.

Respectfully submitted,

__[ECF]_____/s/_____
Marilyn Richter
Assistant Corporation Counsel

---

[4] RLS was paid $200 directly to cover the remaining tuition balance of the 2021-2022 school year.